UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ROD AND LESLIE WILLHOFT, AS REPRESENTATIVES OF DECEDENT, ROD W. WILLHOFT, II; JAMES FISACKERLY, III; AND KERRY PORTIE<br>     **Plaintiffs,**<br><br>v.<br><br>NORFOLK SOUTHERN RAILWAY COMPANY AND NORFOLK SOUTHERN CORPORATION<br>     **Defendants.** | CIVIL ACTION NO.:<br><br>SECTION<br><br>JUDGE:<br><br>MAGISTRATE:<br><br>*JURY TRIAL REQUESTED* |

**COMPLAINT AND JURY DEMAND**

**NOW INTO COURT**, through undersigned counsel, come Complainants, Rod and Leslie Willhoft, as representatives of Decedent, Rod W. Willhoft, II; James Fisackerly, III; and Kerry Portie, who respectfully represent, as follows:

**PARTIES**

**I.**

Plaintiffs Rod and Leslie Willhoft (hereinafter, "the Willhofts") are individuals domiciled in Slidell, St. Tammany Parish, Louisiana, within the Eastern District of Louisiana and are the parents of the decedent, Rod W. Willhoft, II (hereinafter, "Decedent"). At the time of Decedent's death, he was an individual domiciled in Slidell, St. Tammany Parish, Louisiana, and was unmarried without children. As such, the Willhofts are the proper parties to bring this action under General Maritime and Admiralty Law, as well as Louisiana Civil Code articles 2315.1 and 2315.2.

**II.**

Plaintiff James Fisackerly, III (hereinafter, "Mr. Fisackerly") is an individual domiciled in Lacombe, St. Tammany Parish, Louisiana.

1

**III.**

Plaintiff Kerry Portie (hereinafter, "Ms. Portie") is an individual domiciled in Kenner, Jefferson Parish, Louisiana.

**IV.**

Made Defendants herein are:

A. Norfolk Southern Railway Company (hereinafter, "NSRC"), is a Virginia corporation with its principal place of business in Atlanta, Georgia. NSRC currently operates a Class I railroad on a system-wide basis over 19,500 miles in 22 states, the District of Columbia, and the Province of Ontario, Canada. NSRC operates substantial business within this District and was doing so at the time of the events referred to herein.

B. Norfolk Southern Corporation (hereinafter, "NSC") is a Virginia corporation with is principal place of business in Atlanta, Georgia. NSC is the parent company of NSRC. NSC employs individuals who manage, supervise, control, and make decisions concerning the rail carriers that it owns, including NSRC.

**JURISDICTION AND VENUE**

**V.**

Plaintiffs bring this suit pursuant to General Maritime and Admiralty Law, as well as Louisiana state law. Jurisdiction is proper in this District in accordance with 28 U.S. Code § 1332, 28 U.S.C. § 1333, and Rule 9(h) of the Federal Rules of Civil Procedure.

**VI.**

Venue is proper in this District in accordance with 28 U.S.C. § 1391(b)(2), because a substantial part of the events or omissions giving rise to the claim occurred in this District.

## **THE INCIDENT**

### VII.

On or about March 6, 2021, Plaintiffs were aboard a 2021 Sea Fox 248 Commander (hereinafter, "the Sea Fox")—a twenty-four-foot-long outboard runabout recreational motorboat—for recreational boating purposes.

### VIII.

On or about March 6, 2021, the Sea Fox collided with an unlit pier on Defendants' bascule bridge, which spans across Lake Pontchartrain, a navigable waterway within the territorial boundaries of the State of Louisiana (hereinafter, "the Incident").

### IX.

Upon impact, Decedent was ejected from the Sea Fox into Lake Pontchartrain, and his body was not recovered until the following day. Also, upon impact, Mr. Fisackerly and Ms. Portie were knocked unconscious and sustained severe bodily injuries as a result of the Incident.

### X.

At all materials times, Defendants maintained ownership and control over the bascule bridge, including the unlit pier at issue. This responsibility included, but was not limited to, ensuring that the bascule bridge and pier were equipped with operating lights, so as to be visible from an approaching vessel.

### XI.

Upon information and belief, Defendants' failure to properly maintain and operate their bascule bridge and pier system with operating lights resulted in a hazard to navigation and an allision between the Sea Fox and the bascule bridge's pier, which proximately caused the fatality of Decedent, as well as severe injuries to Mr. Fisackerly and Ms. Portie.

**XII.**

The above-described injuries and wrongful death of Decedent, and severe injuries to Mr. Fisackerly and Ms. Portie, were caused by the negligence, gross negligence, actions, and/or inactions of Defendants, in the following non-exclusive respects in breach of their duty of care to Plaintiffs:

a) failing to comply with the lighting requirements for their bascule bridge, pier, and fender system in violation of applicable rules, regulations, and permits;

b) failing to provide functioning lighting on their bascule bridge, pier, and fender system;

c) failing to provide the proper and necessary safety precautions in violation of applicable rules, regulations, and permits;

d) negligently and/or gross negligently allowing a seriously dangerous condition to exist on the bascule bridge, pier, and fender system;

e) failing to properly maintain and operate the bascule bridge, pier, and fender system; and

f) other acts of negligence and/or omissions which may be shown at the trial of this matter.

The foregoing breaches of duty by Defendants directly and proximately caused the Decedent's injuries and death, as well as Mr. Fisackerly's and Ms. Portie's injuries and damages.

**XIII.**

The Willhofts are the proper party to assert a claim for Decedent's survival action and wrongful death damages under Louisiana Civil Code articles 2315.1 and 2315.2, as well as any claims arising under this matter.

XIV.

As a result of Defendants' negligence and Decedent's death, the Willhofts assert a claim against Defendants under General Maritime and Admiralty Law and/or Louisiana's survival action statute, and they are entitled to recover all damages permitted by law, including, without limitation: lost wages; conscious physical pain and mental anguished suffered prior to Decedent's death; and reasonable past and future medical expenses and funeral/burial expenses.

XV.

As a result of Defendants' negligence and Decedent's death, the Willhofts assert a claim against Defendants under General Maritime and Admiralty Law and/or Louisiana's wrongful death statute, and they are entitled to recover all damages permitted by law, whether past or future, including, without limitation: pecuniary loss; lost wages and support; mental anguish; loss of companionship and society; loss of care, maintenance, support, services, advice, counsel, and contributions; and fair compensation for the losses that occur with the destruction of the father-son/mother-son relationship, including, without limitation, loss of love, affection, solace, comfort, companionship, society, emotional support, guidance, and happiness.

XVI.

As a result of Defendants' negligence, Mr. Fisackerly and Ms. Portie assert claims under General Maritime and Admiralty Law and/or Louisiana state law, and they are entitled to recover all damages, whether past or future, including, without limitation: pain and suffering; disability; past lost wages and diminished future earning capacity; loss of income; loss of enjoyment of life; and past and future medical expenses.

XVII.

Plaintiffs are entitled to damages well in excess of $75,000.00, plus pre-judgment interest on all damages from the date of loss.  As to any damages which the Court determines are not

properly subject to an award or pre-judgment interest from the date of loss, Plaintiffs demand interest from the date of judicial demand.

## XVIII.

Plaintiffs are entitled to recover all costs of these proceedings, including filing fees, expert witness fees, attorneys' fees, and other court costs and litigation costs.

## JURY DEMAND

Plaintiffs pray for a trial by jury on all issues related herein.

**WHEREFORE**, Plaintiffs, Rod and Leslie Willhoft, as representatives of Rod W. Willhoft, II; James Fisackerly, III; and Kerry Portie, pray that Defendants, Norfolk Southern Railway Company and Norfolk Southern Corporation, be duly cited and served with a copy of this Complaint, and after all proceedings are had, there be judgment in favor of Plaintiffs and against Defendants, Norfolk Southern Railway Company and Norfolk Southern Corporation, in an amount to adequately compensate Plaintiffs for the damages sustained, together with legal interest thereon from the date of loss until paid, or alternatively, from the date of judicial demand, for all fees and costs of these proceedings, and for all general and equitable relief to which Plaintiffs may be entitled herein.

Respectfully submitted,

**SMITH & FAWER, LLC**

*/s/ Randall A. Smith*
**RANDALL A. SMITH, T.A. (No. 2117)**
**MARY NELL BENNETT (No. 32339)**
201 St. Charles Avenue, Suite 3702
New Orleans, Louisiana 70170
Telephone: (504) 525-2200
Facsimile: (504) 525-2205
rasmith@smithfawer.com
mnbennett@smithfawer.com

**COUNSEL FOR COMPLAINANTS**